ORIGINAL

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
FEB 1 0 2003
LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Case No.

ELEANOR R. HUDSON,

Plaintiff,

COMPLAINT

-vs-

03-CV-0172
TJM RFT

INTERNAL REVENUE SERVICE,

Defendant.

As and for a complaint or petition, Eleanor R. Hudson, pro se, respectfully alleges as follows:

PARTIES

1. Eleanor R. Hudson (ERH), is an individual residing at 2430 Vineyard Lane, Crofton, Maryland 21114, a citizen of the United States and a taxpayer, who formerly resided in Albany, New York.

2. The Internal Revenue Service (IRS) is an agency of the United States, with offices at the Leo O'Brien Federal Building, Clinton Avenue and North Pearl Street, Albany, New York 12207.

JURISDICTION AND VENUE

3. This court has jurisdiction in this case under 28 U.S.C. Section 1340 providing for review and redeterminations of penalty assessments by the IRS against taxpayers under Title 26 U.S.C. aka the Internal Revenue Code.

4. Venue is proper in this court pursuant to 28 U.S.C. Section 1391 because a substantial part of the events and omissions complained of occurred in Albany, New York, and the defendant maintains an office in Albany, New York.

## STATEMENT OF CLAIM

5. The IRS issued assessments against ERH as a responsible person for a trust fund penalty arising out of an audit for 1989 and 1990 of a corporation known as Kent & Haroldsen Associates, Inc., which filed for bankruptcy in 1995 in U.S. Bankruptcy Court in Albany, New York in a case known as In re Kent & Haroldsen Associates, Inc., Case No. 95-10607.

6. The IRS, upon information and belief, has also filed tax liens against my property in Albany County, New York and perhaps elsewhere, in the amount of approximately $500,000.

7. I duly appealed the IRS assessment administratively to the IRS, and in December 1999, the IRS entered into a written stipulation of settlement agreement with me, Kent & Haroldsen Associates, Inc., and Paul S. Hudson that provided that the "total liability" of Paul S. Hudson and Eleanor R. Hudson obligation was limited to $30,838.49, a copy of which settlement is affixed hereto as Exhibit A.

8. This stipulation of settlement is binding and was approved by the U.S. Attorney in Albany, New York, the bankruptcy trustee, the U.S. Trustee in the Northern District of New York, and the bankruptcy court, and duly filed with the bankruptcy court clerk on January 3, 2000.

9. Notwithstanding the stipulation of settlement, the IRS unlawfully and wrongfully added interest and penalties and other charges to the settlement amount subsequent to the settlement date, in the amount of approximately $30,000. The settlement makes no mention of such interest or penalties and such was unknown to me or I would not have agreed to the settlement. The IRS has ignored my requests that they eliminate such interest and penalties and comply with the settlement.

10. In December 2001, the IRS wrongfully levied on my bank account and otherwise engaged in collection actions against me.

11. I duly requested an administrative appeal hearing in December 2001 before the IRS Appeals office in Philadelphia, Pennsylvania, and my bank account that had been wrongfully levied against was unfrozen by the IRS.

12. Subsequent to filing this appeal and while waiting for the IRS to schedule a hearing, I learned in December 2002 that the IRS had received overpayments from me and Paul S. Hudson as well as taking certain New York State tax refunds that were owed to me of approximately $37,000, which far exceeded the total amount owed to the IRS under the December 1999 settlement stipulation.

13. When I provided this information IRS appeals office and to the Albany IRS office with a detailed schedule of overpayments and requested 60 days to have this matter resolved by the insolvency section of the Albany IRS office in December 2002, the IRS appeals officer instead

summarily denied my appeal without ever holding a hearing and gave me notice dated January 13, 2003 that she was returning the matter to the IRS Collections branch to begin anew collection activity against me for $58,433, unless I filed a petition with the U.S. District Court within 30 days. Copy of decision affixed hereto as Exhibit B.

14. Paul S.Hudson has requested that the IRS apply his tax overpayments to the outstanding principal in the settlement agreement owed by Eleanor R. Hudson and Paul S. Hudson, as provided by the settlement of December 1999, I.R.C. Section 6402 and other relevant case law and principles of equity, but the IRS has neglected and wrongfully refused to do so without explanation, and instead filed an amended proof of claim in December 2002 in the case of In re Paul S. Hudson, US Bankruptcy Court, Case No. 00-11683 in Albany New York demanding payment of $50,026.61, notwithstanding that it has been paid in full from income tax overpayments and tax refunds taken of Paul S. Hudson and Eleanor R. Hudson.

15. The IRS taxpayer advocate's office and the IRS offices in Albany, Philadelphia and Buffalo to whom I have been referred to have not credited the overpayments made against the trust fund amount in the settlement agreement as requested, nor have they eliminated their wrongful interest and penalty charges, nor agreed to stay or suspend collection actions against me, nor provided any explanation for their actions and omissions, despite multiple requests by myself, Paul S. Hudson and the CPA firm of Beverly & Drislane of Latham, New York that represented me in administrative appeals and negotiations with the IRS that they do so.

16. These unlawful, abusive and wrongful actions and omissions by the IRS are causing me hardship, emotional distress, and forcing me to incur litigation and administrative appeal expenses and costs.

17. I have a life threatening illness and have been totally disabled since March 2001,and have advised the IRS of this.

RELIEF REQUESTED

WHEREFORE, the undersigned plaintiff petitioner requests a decision, determination, judgment and order of this court

a) finding and declaring that the claims of the IRS against Eleanor R. Hudson are paid in full,

b) discharging and releasing all IRS liens filed against the property of Eleanor R. Hudson in Albany County and elsewhere wherever filed,

c) ordering payment to Eleanor R. Hudson by the IRS of tax refunds of approximately $6,000 plus interest for overpayments and tax refunds seized for tax years 1997 through 2001,

d) unless the IRS promptly consents to “a”, “b” and “c” above, ordering the IRS to provide the court and the plaintiff with a detailed accounting of all charges and assessments made against Eleanor R. Hudson, and the application of the $37,000 in overpayments and tax payments made by Eleanor R. Hudson and Paul S. Hudson for tax years 1994 through 2001,

e) ordering the IRS to suspend its collection activity against the plaintiff while this appeal is pending pursuant to 26 U.S.C. Section 6330(e)(1),

e) a judgment for costs and expenses, including reasonable litigation and administrative appeal expenses

as provided for by 26 U.S.C. Section 7430 and/or as otherwise provided by law, and for such other

relief as the court deems just and proper in the circumstances.

Dated: February 9, 2003

Eleanor R. Hudson

Eleanor R. Hudson, Pro Se
Plaintiff
2430 Vineyard Lane
Crofton, Maryland 21114
(410) 451-7051

Exhibit A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re: Kent and Haroldsen
Debtor

Case No.95-10607

Chapter 7

---

STIPULATION OF SETTLEMENT OF CLAIMS

The parties Paul Hudson, Eleanor Hudson, Marc Ehrlich and chapter 7 trustee for Kent and Haroldsen, Inc., and the Internal Revenue Service by its representative as set forth below do hereby agree and stipulate as follows:

A. The total tax liability of Kent and Haroldsen Shall be as follows:

**1. 1989 wages, withholding tax, FICA tax and Trust Fund Portion**

**$111,392.06---Reclassified wages subject to IRC 3509 rates.**
**57,574.53---Reclassified wages subject to Full rates.**
**38,000.00---Reclassified Corporate Officer wages subject to FICA**

Tax only.

**$ 12,591.09---Tax due on the IRC 3509 wages.**
**$ 25,870.20---Tax due on the Full Rate wages, including the Corporate Officer's FICA.**

---

$ 38,461.29---Total 941 Employment Tax due from Kent & Haroldsen for 1989, not counting any penalty or interest.
$ 13,692.56---Trust Fund Portion of the $25,870.20 Full Rate Tax.

2. 1990 wages; withholding tax, FICA tax and Trust Fund Portion

$ 66,134.77---Reclassified wages subject to IRC 3509 rates.
$ 34,067.34---Reclassified wages subject to Full Rates.

RECEIVED
2000 JAN -3 PM 3:27
CLERK OF THE BANKRUPTCY COURT N.D. OF N.Y. ALBANY

$ 35,638.00---Reclassified Corporate Officer wages subject to FICA Tax only.
$ 7,336.73---Tax due on the IRC 3509 wages.
$ 17,478.38---Tax due on the Full Rate wages, including the Corporate Officer's FICA.

---

$ 24,815.11---Total 941 Employment Tax due from Kent & Haroldsen for 1990, not counting any penalty or interest.
$ 12,145.93---Trust Fund Portion of the $17,478.38 Full Rate Tax.

Summary:

$ 19,927.82—Corporate IRC 3509 Employment Tax for 1989 and 1990.
$ 43,348.58—Corporate "Full Rate" Employment Tax for 1989 and 1990

---

$ 63,276.40—Total Corporate 941 Employment Tax Liability for 1989 and 1990.

$ 30,838.49—Trust Fund Portion of the $ 43,348.58 "Full Rate" Tax. Note that no Trust Fund Taxes are due on the 3509 rates, as there was no willfulness to evade the collection or payment of Trust Fund Taxes.

Being in Total: **$43,348.58**

B. The total Trust Fund portion of said tax will be **$30,838.49.** The total liability of Eleanor and Paul Hudson shall be the trust fund portion.

So Agreed:

[signature] Dated 12/28/99
Diane Cagino, AUSA
For Internal Revenue Service

[signature] Dated 2/29/99
Richard Croak Attorney for
Eleanor and Paul Hudson

[signature] Dated 12/30/99

Marc Ehrlich, Chapter 7 Trustee

Exhibit B

**Internal Revenue Service**
General Appeals Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

**Department of the Treasury**

**Person to Contact:**
Judith Hornstein
Employee ID Number: 23-08329
Tel: (215) 597-2177 Ext. 134
Fax: (215) 597-7827
**Refer Reply to:**
AP:G:PA:PHI:JHH
**SSN/EIN Number:**
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
**Tax Type/Form Number:**
Civil Penalty/941
**Tax Period(s) Ended:**
12/1990
**In Re:**
Collection Due Process Hearing
(District Court)

Date: JAN 13 2003

Eleanor R. Hudson
C/0 P. Hudson - 2430 Vineyard Lane
Crofton, MD 21114

**Certified Mail**

**NOTICE OF DETERMINATION**
**CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330**

Dear Ms. Hudson:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached pages(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**

It has been determined to return your case to the Collection function for appropriate action.

Sincerely,

William A. Katzmar
Appeals Team Manager

cc: John Beverly CPA

IRC section 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing.

This Appeals Officer has had no prior involvement with respect to the liability.

Issue Raised by the taxpayer

The taxpayer challenged the appropriateness of the collection actions. She requested and subsequently withdrew her request for an offer in compromise.

Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.

Based on the available information, it appears that levy action is the best way to balance the need for efficient collection action with the taxpayer concern that the collection action be no more intrusive than necessary.

ORIGINAL

February 9, 2003

Clerk
US District Court
Federal Courthouse, 5th Floor
445 Broadway
Albany, NY 12207

BY EXPRESS MAIL

U.S. DISTRICT COURT
N.D. OF N.Y.
RECEIVED
FEB 1 0 2003
LAWRENCE K. BAERMAN, CLERK
ALBANY

RE: Eleanor R. Hudson v IRS complaint

Dear Sir/Madam:

Please find enclosed an original complaint for filing with a check for $150.00 filing fee, together with four extra copies. Please issue a summons to be served with copies of the complaint on the defendant IRS.

Please advise if the US Marshal can do the service and if so what the charge is.

Should anything additional be required at this time, please advise me promptly as this complaint must be filed by 2/12/03. Thank you.

Very truly yours,

Eleanor R. Hudson

Eleanor R. Hudson, Pro Se
2430 Vineyard Lane
Crofton, Maryland 21114
(410) 451-7051
(410) 451-7053 fax
Email pjh1979@msn.com

enc.