UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL J. HUDSON

    vs.                                              1: 03-CV-172

INTERNAL REVENUE SERVICE
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

## DECISION AND ORDER

**I. BACKGROUND**

On March 23, 2006, the Court issued an order staying the instant matter and ordering that:

> Plaintiff shall submit a Status Report on this matter to the Court no later than four (4) months from the date of this Order, and every four (4) months thereafter if the matter continues to be stayed.
>
> The Status Report shall briefly state the current status of the bankruptcy proceeding relating to this matter, and any other information that will provide the Clerk with an indication when this case can be placed on the Court's active calendar. Failure to comply with this Order may subject you to sanctions under Rule 16(f), Federal Rules of Civil Procedure.

See 3/23/06 Ord. [dkt. # 33].

Pursuant to this Order, Plaintiff's first status report was due on July 24, 2006. No such status report was filed.

On November 16, 2006, the Court issued a Notice for Dismissal ordering Plaintiff to show cause why the action should not be dismissed for his apparent failure to prosecute.

1

<u>See</u> Court Notice for Dismissal [dkt. # 34]. Plaintiff responded, contending:

(1) that on July 21, 2006, plaintiff (an attorney) prepared a status report

and telephoned the chambers of the Hon. Magistrate Judge Randolph F. Treece to advise the court that the Bankruptcy Court had issued a decision in the related case and to request consent for submission of my status report by paper as my ECF status had not gone through.  I was advised that they could not consent without order of the court.

Hudson Decl. ¶ 15;

(2) that when Plaintiff "attempted to again obtain ECF status," his attempt was unsuccessful. <u>Id.</u> ¶ 16;

(3) that "[a]t the same time, my computer became infected with a virus and I was unable to get online and some of my filed were destroyed." <u>Id.</u> ¶ 17.

(4) plaintiff then tried to have the report "electronically transmitted by a cooperating law office that was in the ECF system" but "through some miscommunication on my part, that I had only recently become aware of, this was not accomplished." <u>Id.</u> ¶ 18.

Plaintiff attaches to his declaration as "Exhibit A" a copy of the purported July 21, 2006 status report.  It is dated July 26, 2006 and is clearly a "draft" inasmuch as it contains hand-written revisions and corrections. <u>See</u> <u>Id.</u> Ex. A.  The purported July Status Report, which is in letter form, indicates it was sent "BY ELECTRONIC & REGULAR MAIL." <u>Id.</u> The  phrase "& REGULAR" is in hand-written parentheses.   The document indicates that the Bankruptcy Court had issued a decision on the issue that was the genesis of the instant stay. <u>Id.</u>

Plaintiff advises in the Status Report that the Bankruptcy Court's decision was appealed to the District Court by the IRS. <u>Id.</u>  Plaintiff asserts in his declaration that the appeal is now pending before the Hon. Frederick J. Scullin, Jr., Senior U.S. District Judge,

2

in U.S. Dept. of Justice v. Paul S. Hudson, 1:06-CV-763. Hudson Decl. ¶ 10. Plaintiff further asserts: "I believe it is appropriate to lift the stay on the subject case to permit the parties to file motions for summary judgment . . . ." Id. Ex. A.

Plaintiff also submits a proposed order that, if signed, would require: (1) the parties "file a joint stipulation of facts and outstanding issues" in the "related case;" (2) "dispositive motions" "in the related case" be filed within 90 days; and (3) Magistrate Judge Treece to hold a "pretrial conference" *if* "triable issues of fact remain" after Judge Scullin issues a decision "on such dispositive motions." Hudson Decl. Ex. B.  The Court presumes that the "related case" referred to in the proposed order is U.S. Dept. of Justice v. Paul S. Hudson, 1:06-CV-763.

## II. DISCUSSION

Plaintiff's excuses for his failure to prosecute this action are wholly without merit. His delay has caused the instant case to linger unnecessarily, and he has failed to comply with the Court's Order.  However, because Plaintiff asserts that he contacted Magistrate Judge Treece's Chambers at the time his first status report was due, and because he claims he made some attempt, albeit feeble, to file his first status report by alternative means, the Court will not issue the ultimate sanction and dismiss the action.  Nonetheless, the Court will refer this matter to Magistrate Judge Treece to determine whether monetary sanctions should be imposed.

Further, because Plaintiff clearly asserts that the stay should be lifted and that the instant matter is intertwined with U.S. Dept. of Justice v. Paul S. Hudson, 1:06-CV-763, the Court will ask Magistrate Judge Treece to conduct a scheduling conference with the

3

parties so that he can render a recommendation on whether: (1) the stay should be lifted, and (2) the instant action should be consolidated with U.S. Dept. of Justice v. Paul S. Hudson, 1:06-CV-763.

## III. CONCLUSION

For the reasons discussed above, the Court declines to dismiss this action at this time. However, it is hereby:

**ORDERED** that the matter is referred to Magistrate Judge Treece to:

(a) determine whether monetary sanctions should be assessed against Plaintiff for his failure to comply with the Court's March 23, 2006 Order, and, if so, the amount thereof; and

(b) conduct a scheduling conference with the parties and render a recommendation on whether (1) the stay should be lifted, and (2) the instant action should be consolidated with U.S. Dept. of Justice v. Paul S. Hudson, 1:06-CV-763.

DATED: December 8, 2006

Thomas J. McAvoy
Senior, U.S. District Judge